IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOMINGO S. MORALES,<br><br>         Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner, Social Security<br>Administration,<br><br>         Defendant.<br>_____ | CIVIL NO. 04-00599 HG-LEK<br><br>**ORDER ADOPTING MAGISTRATE<br>JUDGE'S FINDINGS AND<br>RECOMMENDATION TO DENY<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case involves the appeal of the Administrative Law Judge's ("ALJ") decision upholding the Social Security Commissioner's ("Commissioner") denial of disability benefits to Plaintiff Domingo S. Morales ("Morales").

**PROCEDURAL HISTORY**

On March 28, 2005, Morales moved for summary judgment. (Doc. 16.) On September 28, 2005, after the parties had fully briefed the issues, United States Magistrate Judge Leslie E. Kobayashi issued a Findings and Recommendation to Deny Plaintiff's Motion for Summary Judgment. (Doc. 22, "F&R".)

1

On October 24, 2005, after an extension of time, Morales filed Objections to the Magistrate Judge's F&R (Doc. 24, "Objections") to which Defendant, Jo Anne B. Barnhart, Commissioner of Social Security ("Defendant") responded on November 4, 2005. (Doc. 25, "Response").

After considering Morales' Objections, the Court **ADOPTS** the Magistrate Judge's F&R (Doc. 22), **DENIES** Morales' Motion for Summary Judgment, and **AFFIRMS** the Commissioner's decision.

## ANALYSIS

The Court makes a de novo determination of the objected-to portions of the Magistrate Judge's F&R. See LR74.2. The Court reviews the Social Security Commissioner's decision, acting through the ALJ, to determine whether the decision is supported by substantial evidence or is based on an error of law. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).[1]

### I. Morales' Objection to the Magistrate Judge's F&R

Morales objects to the F&R, claiming that the Magistrate Judge upheld the ALJ's application of the wrong Medical-Vocation Guideline, 20 C.F.R. Pt. 404, subpt. P, appx. 2 ("Grids").[2]

---

[1] The F&R at pages 5-7 contains a complete statement of the standard of review and of the standard for summary judgment which is applicable here.

[2] Although Morales notes that he does not agree with the Magistrate Judge's F&R regarding the issues of: (1) the treating of the physician's opinion; (2) Morales' subjective complaints; and (3) the vocational expert's explanation for the variances

2

Morales contends that, because he was approximately thirty days from turning fifty, he falls within a borderline age category and should have been considered under the category for individuals "closely approaching advanced age" (ages 50 through 54) and not as a "younger individual" (under age 50).  See 20 C.F.R. § 404.1563(b).  He argues that the ALJ had no discretion but to invoke Rule 201.09 of the Grids and find him disabled.  See Objections at 4.[3]

Morales raised this argument in his opening brief (Doc. 18 at 18-20) and the Magistrate Judge addressed it at Pages 25-28 of the F&R.

## II. The Grids

The ALJ evaluates a claimant's request for disability benefits based on a five-step analysis.  See 20 C.F.R. § 404.1520.  The Grids are relevant to the fifth step – *i.e.*, consideration of the claimant's residual functional capacity as well as his age, education, and work experience.  See 20 C.F.R. § 404.1520(a)(4)(v).  The Grids provide a substantially uniform

---

between her testimony and the information contained in the Dictionary of Occupational Titles, the only issue briefed in his objections concerns his classification under the Grids.  Morales has not objected to the F&R on these issues as required by LR74.2 and the Court will not consider these issues.

[3] Morales mistakenly cites Rule 201.09.  Rule 201.10, and not Rule 201.09, applies to individuals who are closely approaching advanced age, have limited or less education and who are skilled or semiskilled, but whose skills are not transferrable.  The F&R correctly refers to Rule 201.10.  See F&R at 26.

standard for ALJs to determine whether there is substantial gainful work available for a claimant.  See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

**III.  The ALJ's Determination**

The ALJ relied, in part, on Section 201.19 of the Grids. Section 201.19 applies to "younger individuals".  Under the regulations, a "younger individual" is an individual age 18 through 49.  See 20 C.F.R. pt. 404, subpt. P, app. 2. 201.00(h)(1).  Under Section 201.19, a person with limited or less education, with skilled or semi-skilled abilities that are not transferrable, is generally not disabled.  The ALJ also relied on a vocational expert ("VE") who testified that Morales could perform unskilled work as a surveillance system monitor. [Administrative Record ("AR") at 26.].  The ALJ found that in light of Morales' residual functional capacity, age, education, and work experience he was capable of successfully adjusting to work that exists in significant numbers in the national economy.

**IV.  The Grids Do Not Mandate a Finding of Disabled and the ALJ Properly Considered the Vocational Expert's Testimony**

Section 404.1563 of Title 20 of the Federal Code of Regulations addresses the Commissioner's consideration of age as a vocational factor.  A claimant's ability to adjust to work is not based upon consideration of age alone.  Rather, the Commissioner also considers the claimant's residual functional

4

capacity, education, and work experience. <u>See</u> 20 C.F.R. § 404.1563(a).

The age categories apply after the Commissioner has made a finding about the claimant's ability to do other work under 20 C.F.R. § 404.1520(g)(1). <u>See</u> 20 C.F.R. § 404.1563(b).[4] Here, the ALJ found that Morales was not previously engaged in substantial gainful activity and that his residual functional capacity (RFC)[5] was such that he could not do a full range of sedentary work because of his exertional limitations. [AR at 16, 27.] In determining whether Morales was disabled, the ALJ considered the fact that Morales could not do a full range of sedentary work together with his vocational factors (his age, education, and work experience). <u>See</u> 20 C.F.R. § 404.1520(g)(1).

With regard to consideration of a claimant's age, Section 404.1563(b) provides:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few

---

[4] 20 C.F.R. § 404.1563(b) incorrectly cites to § 404.1520(f)(1) instead of § 404.1520(g)(1). Effective September 25, 2003, the regulations were amended and § 404.1520(f)(1) was redesignated as § 404.1520(g)(1). <u>See</u> Federal Old-Age, Survivors and Disability Insurance (1950-----), 68 Fed. Reg. 51161 (Aug. 26, 2003) (to be codified at 20 C.F.R. pt. 404).

[5] "Residual functional capacity" means "[a] medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s). RFC is the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." <u>See</u> Social Security Ruling 83-10.

>            days to a few months of reaching an older age
>            category, and using the older age category would
>            result in a determination or decision that you are
>            disabled, we will consider whether to use the older
>            age category after evaluating the overall impact of
>            all the factors of your case.

Contrary to Morales' contention, under the express language of the regulations, application of a particular age category in a borderline situation is not required.  Rather, if a claimant cannot perform a full range of jobs in a given category, the ALJ may only use the Grids as a framework and must consult a vocational expert.  See Thomas, 278 F.3d at 960; see also 20 C.F.R. Pt. 404, Subpt. P. appx. 2, § 201.00(h)(3)(requiring individualized determination where individual cannot perform a full range of sedentary work).

Here, Morales could not perform the full range of jobs in the skilled or semi-skilled category.  The ALJ thus used Rule 201.19 as a "framework for decision-making" and obtained the testimony of a VE.  [AR at 27.]  As stated in the F&R, regardless of whether the ALJ used Rule 201.19 or 201.10 as a framework, the Grids would have still only been a guideline and the ALJ would still have obtained testimony from a VE.  See F&R at 27.  The VE considered Morales' age in her testimony, but did not consider the age category as set forth in the Grids.  The VE's testimony would not have changed.  Accordingly, the Court adopts the Magistrate Judge's finding that even assuming, arguendo, that the ALJ erred in considering Morales a younger individual or in

6

failing to explain why he considered Morales a younger individual, such error was harmless.  <u>See</u> F&R at 28.

Morales' reliance on <u>Swenson v. Sullivan</u>, 876 F.2d 683 (9th Cir. 1989) is misplaced.  <u>See</u> Objections at 2-3.  <u>Swenson</u> concerned the credibility of the VE's testimony.  In <u>Swenson</u>, the Ninth Circuit Court of Appeals reversed the district court's decision upholding the denial of benefits to the claimant because the VE's testimony was inconsistent with the framework created by the Grids.  876 F.2d at 688.  The VE testified that the claimant could perform a significant number of jobs in the state but, at the same time, testified that the claimant could perform less jobs than an individual deemed disabled under the Grids.  <u>Id</u>. at 689. The court reasoned that the VE's "identification of at least five job categories and thousands of jobs performable by [the claimant] in the state, without more, would be substantial evidence of the existence of performable jobs" but the validity of the VE's testimony was "dubious because of his statement that those jobs were fewer than the jobs performable by a person deemed disabled under the grids".  <u>Id</u>.

In the present case, unlike in <u>Swenson</u>, the VE did not testify that Morales could perform fewer jobs than an individual deemed disabled under the Grids.  There is no evidence that the VE's testimony was inconsistent with the framework established by the Grids.  Further, nothing in <u>Swenson</u> requires the application

7

of the higher age category (*i.e.*, "closely approaching advanced age" versus "younger individual") where the claimant falls within a borderline age category.

## CONCLUSION

For the foregoing reasons, the Court:

(1) **ADOPTS** the Magistrate Judge's September 28, 2005 Findings and Recommendation to Deny Plaintiff's Motion for Summary Judgment (Doc. 22);

(2) Plaintiff's Motion for Summary Judgment (Doc. 16) is **DENIED;**

(3) The Commissioner's decision to deny Plaintiff disability benefits is **AFFIRMED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 17, 2006.



_____
Helen Gillmor
Chief United States District Judge

_____
DOMINGO S. MORALES v. JO ANNE B. BARNHART, Commissioner, Social Security Administration; Civ. No. 04-00599 HG-LEK; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT